## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:13-CV-039-RJC-DCK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>)<br>) |
| **Plaintiff,** | )<br>)<br>) |
| v. | ) **ORDER**<br>)<br>) |
| METRO SPECIAL POLICE & SECURITY SERVICES, INC., | )<br>)<br>) |
| **Defendant.** | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff Equal Employment Opportunity Commission's ("EEOC") "Unopposed Motion To Compel Gaston County Sheriff's Office To Comply With Subpoena" (Document No. 16). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

Specifically, EEOC moves pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and North Carolina General Statute Section 153A-98 for entry of an Order directing Gaston County, on behalf of the Gaston County Sheriff's Office, to release to counsel for the EEOC certain documents requested by the EEOC through a Subpoena served on the Sheriff's Office in this action. EEOC further requests entry of a Protective Order that renders the documents

produced by the Sheriff's Office in response to the Subpoena confidential. There being no opposition to EEOC's Motion, EEOC's Motion will be granted.

**IT IS, THEREFORE, ORDERED** that the "Unopposed Motion To Compel Gaston County Sheriff's Office To Comply With Subpoena" (Document No. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that:

1. The Gaston County Sheriff's Office (the "Sheriff's Office") is ordered to comply with the EEOC's January 17, 2014 subpoena, and to produce the following documents to the EEOC on or before April 1, 2014:

> Any and all documents in the possession of Gaston County or the Sheriff's Office related to Joshua Ruiz, including all personnel files, documents referencing internal or external complaints against Mr. Ruiz, performance evaluations, disciplinary actions, and documents referencing the reason for the termination/separation of Mr. Ruiz.

All documents produced by the Sheriff's Office pursuant to this Order are hereby designated Confidential subject to the restrictions discussed below. The Sheriff's Office shall affix to each page of every such document, at the time of production, the word "Confidential" by stamp or other method which will make the word conspicuous.

2. <u>Restricted Use of Information.</u>

(a) Documents/information designated as "Confidential" pursuant to paragraphs 1 through 3 of this Order shall be treated by the Party receiving the information as confidential and shall be used solely for the purposes of this action and shall not be disclosed to any person except the following individuals:

(i) the Court (including the Clerk's office, stenographic reporters and videographers, engaged in such proceedings as are necessary to the preparation for trial and trial of this action);

(ii) counsel for the parties, their staff members, their professional and para-professional employees;

(iii) the parties, including officers or managers of a party who have a need to know the information for purposes of this litigation; or

(iv) witnesses being deposed in the case, so long as they are shown this Order and agree to abide by its terms;

(v) any individual used as a mediator in this case, during the mediation; or

(vi) the Court or the jury at any trial of this matter.

(b) Documents produced pursuant to this Order shall not be used for any purpose other than evidence in this litigation and may not be disclosed under any circumstances to anyone not connected with this action as a party, witness, counsel, consultant, jury member, staff person or court personnel. Specifically, use of confidential material during the trial of this action or in any hearing in connection with the disposition of this matter by any party shall in no way permit the use of such material for or in connection with any other lawsuit, action, hearing or proceeding, without further order of the Court, express agreement by both parties, or pursuant to a subpoena.

3. <u>Acknowledgment</u>. All persons to whom confidential material is disclosed pursuant to paragraph 2 of this Order shall be bound by this Order. It shall be the responsibility of counsel for each party to this action to insure that persons authorized to receive confidential material

pursuant to paragraph 2 of this Order have knowledge of the terms of this Order and agree to be bound by them. Any persons breaching the provisions of this Order are subject to the contempt powers of this Court.

4. <u>Use of Confidential Materials in this Case.</u> Nothing in this Order shall prevent or impair the use by a party of the confidential materials in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court or at any deposition, or hearing, conference, or trial before the Court or a jury so long as confidentiality of such information is protected as provided herein. To the extent any confidential material is filed with the court, counsel filing the confidential material shall first move to have the confidential materials filed under seal. The parties agree that they will confer about the appropriateness under the Local Rules of filing the materials under seal. If there is any disagreement regarding the appropriateness of such motion, the parties will present it to the court prior to filing the motion.

5. <u>Right to Object.</u> Notwithstanding the foregoing provisions, this Order shall not prejudice the right of any party to object to discovery on other grounds. Any party may, upon reasonable notice to the opposing party's counsel, move for an order relieving it of the provisions of this Order for good cause shown. All parties retain the right to apply to the Court for an order affording additional protection to confidential material as the circumstances may warrant. Nothing contained herein shall prevent a party from seeking modification to this Order.

6. <u>Modification.</u> In the event of further proceedings in this action, if any of the parties hereto believe that this Agreement unreasonably impedes discovery to a party or the use of information discovered from a party for purposes of this litigation, or provides insufficient

protection regarding discovery materials produced by a party, such party may serve notice upon the parties and request that the Court modify this Order.

7. <u>Protection of Copies.</u> All copies, extracts or summaries prepared from confidential materials produced hereunder shall be subject to the same terms of this Order as the confidential material from which such copies, extracts or summaries were prepared, if properly designated.

8. <u>Effective Date.</u> This Order shall be effective immediately and shall survive the conclusion of this lawsuit.

**SO ORDERED.**

Signed: March 20, 2014

David C. Keesler
United States Magistrate Judge