**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13-CV-039-RJC-DCK**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )  **MEMORANDUM AND**<br>)  **RECOMMENDATION** |
| METRO SPECIAL POLICE & SECURITY SERVICES, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Order To Show Cause Why Defendant Should Not Be Held In Contempt Of Court" (Document No. 24). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be denied.

### I. BACKGROUND

The United States Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") initiated this action with the filing of a "Complaint" (Document No. 1) on January 22, 2013. The Complaint alleges that Metro Special Police & Security Services, Inc. ("Defendant") committed unlawful employment practices on the basis of sex and retaliation. (Document No. 1).

The Honorable Robert J. Conrad, Jr. issued a "Pretrial Order And Case Management Plan" (Document No. 7) on April 29, 2013. The "Pretrial Order...," *inter alia*, set the following

deadlines: discovery completion – February 17, 2014; mediation – October 15, 2013; dispositive motions – March 31, 2014; and trial – July 8, 2014. (Document No. 7).

Following a few extensions of the pertinent deadlines, a "Certification Of ADR Session" (Document No. 20) was filed on May 28, 2014. The "Certification…" provides that the parties, with the assistance of Mediator Sarah J. Kromer, had settled the case and would "file a Consent Decree on or before June 6, 2014." (Document No. 20). On June 6, 2014, the parties filed their "Joint Motion To Enter Consent Decree" (Document No. 22), which included an attached proposed "Consent Decree" (Document No. 22-1).

Judge Conrad issued an "Order Of Settlement" (Document No. 23) on June 13, 2014. The "Order Of Settlement" adopts the "Consent Decree" and finds that "it represents a knowing and voluntary agreement by both sides to settle all matters in dispute, and that it accords with public policy and basic justice." (Document No. 23, p.1). Judge Conrad further noted that the Court would retain jurisdiction solely to enforce the terms specifically agreed to by the parties and included in the Consent Decree (Doc. 22-1)." Id.

"Plaintiff's Motion For Order To Show Cause Why Defendant Should Not Be Held In Contempt Of Court" (Document No. 24) was filed on December 3, 2014. By its motion and "Memorandum In Support…" (Document No. 25), Plaintiff asserts that Defendant has violated and continues to violate the "Order Of Settlement" by failing to comply with the terms of the "Consent Decree," including the payment of settlement monies to the Claimants.

Defendant's "Memorandum In Opposition…" (Document No. 26) was filed on December 10, 2014. Defendant contends that Plaintiff's claim that Defendant is "'refusing' to pay is disingenuous because it was aware from the moment the settlement was final that Metro would need a financial miracle to deliver on its financial terms." (Document No. 26, p.2)

Defendant asserts that Plaintiff knew "Metro was absolutely incapable of making any payments under the settlement plan without third party financing." Id. Defendant also notes that since the filing of the pending motion, "Metro has remedied two outstanding reporting requirements and is now fully compliant with all other terms of the settlement." (Document No. 26, p.3).

A "Reply Memorandum In Support Of Plaintiff's Motion…" (Document No. 27) was filed on December 18, 2014. In reply, Plaintiff asserts that Defendant voluntarily agreed to settle this case and agreed to the payment of $155,000 as part of that settlement. (Document No. 27). Plaintiff concludes that Defendant's refusal to pay settlement monies owed pursuant to an Order of the Court is a flagrant violation of that Order. Id.

This matter is now ripe for a recommendation to the presiding District Judge.

## II. STANDARD OF REVIEW

### A. Civil Contempt

> To establish civil contempt, a movant must show each of the following elements by clear and convincing evidence:
>
>> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) ... that the decree was in the movant's "favor"; (3) ... that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive) of such violations; and (4) ... that [the] movant suffered harm as a result.
>
> Ashcraft v. Conoco, Inc., 218 F.3d 288, 301 (4th Cir. 2000) (quoting Colonial Williamsburg Found. v. The Kittinger Co., 792 F.Supp. 1397, 1405-06 (E.D.Va. 1992), aff'd, 38 F.3d 133, 136 (4th Cir. 1994)). "When a district court's decision is based on an interpretation of its own order, [the appellate court's standard of review is highly] deferential because district courts are in the best position to interpret their own orders." JTH Tax, Inc. v. H & R Block Eastern Tax Servs., Inc., 359 F.3d 699, 705 (4th Cir. 2004).

U.S. v. 515 Concord Ave., Anderson, SC, 1:08-MC-005, 2008 WL 2372064, at *1-2 (W.D.N.C. June 6, 2008).

"Prior to holding a person in contempt, the court must provide the alleged contemnor notice and opportunity for a hearing." JTH Tax, Inc. v. Noor, 2012 WL 4473252, at *2 (E.D.Va. Sept. 26, 2012) (citing Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 827, (1994) and In re Computer Dynamics, Inc., 253 B.R. 693, 699 (E.D.Va. 2000)). "

**B. Magistrate Judge Authority**

Section 636(e) of the United States Magistrate Judges Act governs the contempt authority of magistrate judges and states "[a] United States magistrate judge serving under this chapter shall have within the territorial jurisdiction prescribed by the appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection."  28 U.S.C. § 636(e)(1).  The statute sets out the criminal contempt authority of a magistrate judge, the scope of his or her civil contempt authority in civil consent and misdemeanor cases, and the scope of his or her authority with regard to other contempts.  Because this matter involves a civil case where the parties have not consented to magistrate judge jurisdiction, Section 636(e)(6)(B) of the United States Magistrate Judges Act controls.

Section 636(e)(6)(B) of the United States Magistrate Judges Act provides that when a person commits an act that constitutes a criminal contempt outside the presence of the magistrate judge, or the act constitutes a civil contempt, the following occurs:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.  The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish

4

such person in the same manner and to the same extent as for a
contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B). See also, Cato Corporation v. L.A. Printex Industries, Inc., 3:10-CV-462-MOC-DCK, 2012 WL 5465809, at *1 (W.D.N.C. Nov. 9, 2012), and First Union Rail Corporation v. Springfield Termination Railway Company, 3:08-CV-230-DLH, 2009 WL 1469632, at *3 (W.D.N.C. May 20, 2009). ("In the typical case, a United States Magistrate Judge may certify facts for contempt proceedings before an Article III district judge and order the alleged contemnor to show cause before that judge why contempt should not be adjudged in light of the certified facts.").

### III. DISCUSSION

The basic facts of this case are set forth above. In short, the parties entered into a "Consent Decree" (Document No. 22-1), which they jointly moved the Court to enter, and which the Court did adopt and enter. (Document Nos. 22 and 23). The terms of the "Consent Decree" include the following:

> 4. **Defendant shall pay the total amount of One Hundred Fifty-Five Thousand Dollars ($155,000) in settlement of the claims raised in this action**. Payment shall be made in two equal installments, with the first installment of Seventy-Seven Thousand Five Hundred Dollars ($77,500) to be paid within sixty (60) days after the Court approves this Consent Decree; and the second installment of Seventy-Seven Thousand Five Hundred Dollars ($77,500) to be paid no later than November 30, 2014. Defendant shall make payment by issuing a separate check to each Claimant identified in Attachment A, payable to each Claimant in the amount determined by the EEOC and communicated to Defendant via separate correspondence. Defendant shall mail each check to the respective Claimant at an address provided by the Commission. Within ten (10) days after the checks have been sent, Defendant shall send to the Commission, a copy of each check and proof of its delivery to the respective Claimant. Neither the Commission nor Defendant make any representations, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that any

>   Claimant may or may not incur on such payments under local, state, and/or federal law.
>
>   5.   Defendant has executed a Consent Judgment against Defendant as to the Commission's claims in the amount of One Hundred Fifty-Five Thousand Dollars ($155,000).  **In the event Defendant defaults or fails to timely make either of the payments** required under Paragraph 4, above, the **parties expressly agree**:  (a) **to the entry of the aforementioned Consent Judgment in the full amount stated thereon**;  and (b) **that the Commission may**, at its election, **immediately file a motion with the Court for entry of the Consent Judgment and proceed with collection of the Consent Judgment** upon its entry.  Such motion for entry of Consent Judgment can be filed by the Commission without prior notice to Defendant.

(Document No. 22-1, pp.2-3) (emphasis added).

The crux of Plaintiff's motion is that Defendant should be held in contempt because it failed to make timely payment(s) pursuant to the "Consent Decree." (Document Nos. 24 and 27).  However, the undersigned observes that Paragraph 5 of the "Consent Decree" appears to specifically describe the recourse available to Plaintiff in the event Defendant "fails to timely make either of the payments required under Paragraph 4." (Document No. 22-1, p.3).  Paragraph 5 shows that if timely payments are not made, the parties "expressly agree . . . to the entry of" an executed "Consent Judgment" in the amount of $155,000, and that Plaintiff may *immediately* file a motion for entry of the Consent Judgment and proceed with collection.  Id.

The undersigned observes that *neither* party specifically addresses Paragraph 5 in their briefs.  The plain terms of the "Consent Decree," which the parties both voluntarily agreed to in settling this case, contemplated Defendant's failure to make timely payments.  (Document No. 22-1, p.3).  The parties' agreement does not anticipate or allow for contempt proceedings; rather, it specifically provides for the entry of a "Consent Judgment."  Id.

If the "Consent Decree" were silent on the issue of non-payment, the pending motion might present a closer call; however, where the parties have expressly agreed as to the appropriate remedy for non-payment, the undersigned will decline to recommend that Defendant must defend itself in a contempt hearing before the District Judge based on such non-payment, especially since Plaintiff has failed to pursue the relief anticipated by the "Consent Decree." Under the circumstances, the undersigned is not persuaded that "the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive) of such violations." Ashcraft v. Conoco, Inc., 218 F.3d 288, 301 (4th Cir. 2000) (quoting Colonial Williamsburg Found. v. The Kittinger Co., 792 F.Supp. 1397, 1405-06 (E.D.Va. 1992), aff'd, 38 F.3d 133, 136 (4th Cir. 1994)). Arguably, Plaintiff is in violation of the "Consent Decree" by pursuing this show cause action instead of the agreed-upon remedy of entry of the "Consent Judgment."

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Plaintiff's Motion For Order To Show Cause Why Defendant Should Not Be Held In Contempt Of Court" (Document No. 24) be **DENIED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review

by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: January 21, 2015

David C. Keesler
United States Magistrate Judge